IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CR-00257-1D
NO. 5:22-CR-00257-2D

UNITED STATES OF AMERICA :
:
v. :
:
EDWARD SHELDON WHITAKER :
SCHUNDA COLEMAN

# FINAL ORDER OF FORFEITURE AS TO REAL PROPERTY KNOWN AS 3400 MONSERAT DRIVE

WHEREAS, on December 3, 2025, this Court entered Preliminary Orders of Forfeiture [DEs 88 89] based upon the evidence and legal authorities presented by the government and set forth therein, finding that the defendants (or any combination of defendants convicted in the case) had an interest in the below-listed real property that is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 982(a)(1), subject to notification and adjudication of any third-party interests pursuant to 21 U.S.C. § 853(n), to wit:

Real Property:

a) Real property having the physical address of 3400 Monserat Drive Edinburg, TX 78539-3472, including any and all appurtenances and improvements thereto, being titled to SCHUNDA COLEMAN and

legally described in Official Document No. 2929047, recorded on July 2, 2018 with the County Clerk of Hidalgo County, Texas, being more particularly described as follows:

> Lot 8, Spanish Oaks Subdivision an addition to the City of Edinburg, Hidalgo County, Texas, as per Map or Plat thereof recorded in Volume 43, Page 38, Map Records, Hidalgo County, Texas.
>
> APN: S5304-00-000-0008-00

(Asset ID No. 23-IRS-000018)

(hereinafter, the "Subject Real Property");

AND WHEREAS, in accordance with Fed. R. Crim. P. 32.2(b)(4)(A), the Preliminary Orders of Forfeiture became final as to the defendants at sentencing; the defendants were sentenced and judgment was entered on December 4, 2025 [DEs 95, 97]; and the judgment incorporated the Preliminary Orders of Forfeiture by reference;

AND WHEREAS, the Preliminary Orders of Forfeiture were posted on the Subject Real Property by an agent of the United States Department of Treasury, Internal Revenue Service-Criminal Investigation on December 9, 2025 [DE 94];

AND WHEREAS, the United States filed a Notification of Publication and Third-Party Notice [DE 111] documenting for the record that the government, in accordance with 21 U.S.C. § 853(n)(1), Fed. R. Crim. P. 32.2(b)(6), and Rule G(4) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, has: (1) published notice of the Preliminary Orders of Forfeiture and, specifically, the forfeiture of the Subject Real Property, on an official government

internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on December 5, 2025; and (2) sent direct written notice of the Preliminary Orders of Forfeiture to all persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Subject Real Property in a forfeiture ancillary proceeding, to wit:

a) Flagstar Bank, FSB;
b) Mortgage Electronic Registration Systems, Inc. (MERS).
c) Hidalgo County Tax Assessor-Collector

AND WHEREAS, the following third-party filed a petition of interest pursuant to 21 U.S.C. § 853(n) with respect to the Subject Real Property, to wit:

a) CrossCountry Mortgage, LLC [DE 106];

AND WHEREAS, the United States filed a Notice [DE 110] in which it recognized the interest of Petitioner CrossCountry Mortgage, LLC and agreed to pay, from and up to the Net Proceeds of the sale, certain claims of the Petitioner, the terms and conditions of which are incorporated herein by reference;

AND WHEREAS, the Hidalgo County Tax Assessor-Collector did not file a petition of interest in the Subject Real Property, but the United States, as a matter of policy, will pay at closing the *pro rata* state or local real property taxes owing through the date of entry of the Final Order of Forfeiture, subordinate to the costs and expenses incurred by the United States for the seizure, maintenance, security, forfeiture, marketing, sale and disposal of such property as provided by 28 U.S.C. § 524(c) and/or 31 U.S.C. § 9705, and all expenses incurred in the sale of the property, which may include commissions, transfer taxes, recording fees, title insurance,

surveys, utilities and similar expenses of closing, even though no claim has been received or filed;

AND WHEREAS, the Government has consulted with counsel for all Petitioner(s) and other interested parties, who consent to the entry of this Final Order of Forfeiture;

AND WHEREAS, it appears from the record that no claims, contested or otherwise, have been filed as to the Subject Real Property within the time prescribed by law, other than those specifically mentioned herein.

NOW, THEREFORE, based upon the foregoing findings and the entire record in this case, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), that portion of the Preliminary Orders of Forfeiture entered on December 3, 2025 [DEs 88, 89] ordering the forfeiture of the Subject Real Property is now final, subject to the following terms, conditions and/or amendments.

2. Pursuant to 21 U.S.C. § 853(c) and/or 18 U.S.C. § 981(f), and except as expressly provided herein, all right, title and interest in the Subject Real Property is hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and shall be deemed to have vested in the United States as of the date of the commission of the offense committed by the defendants rendering the property subject to forfeiture.

3. The United States is directed to dispose of the Subject Real Property according to law.

4. Any and all potential claims and/or liens of record with respect to the Subject Real Property, regarding which the holder had actual or constructive notice of forfeiture but which are not specifically recognized herein, are hereby extinguished. This includes, without limitation, the following known potential claimants who were sent direct notice but did not file a timely petition of interest:

a. Flagstar Bank, FSB;

b. Mortgage Electronic Registration Systems (MERS)

5. Except as expressly recognized herein, the forfeiture of the Subject Real Property is free and clear of all interests except those specially recognized herein, and no other person or entity shall have any right, title or interest in the Subject Real Property. In accordance with 21 U.S.C. § 853(n)(7), the United States, having clear title to the Subject Real Property, may warrant good title to any purchaser or transferee, subject only to the interests specifically recognized in this Order.

6. Upon the transfer or closing of any sale of the Subject Real Property, the United States shall pay from and up to the Net Proceeds of the sale, as that term is defined below in Paragraph 7, the amounts therein provided. In the event the Net Proceeds are insufficient to pay an amount due to any or all Petitioner(s), then the United States shall pay each Petitioner, in the order of priority set forth below, the available Net Proceeds in full satisfaction of that Petitioner's claim against the Subject Real Property; or the United States may choose to discontinue the forfeiture and release the Subject Real Property, and such discretionary termination of the forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465. In no

event will the United States pay any Petitioner an amount in excess of the Net Proceeds of the sale.

7. Net Proceeds are defined as, and shall be determined by, deducting from the gross proceeds of sale the following claims, charges and expenses to be paid upon the closing of the sale of the Subject Property, in the following order of priority, and to the extent that sufficient Net Proceeds are available to pay these amounts:

a. First, all costs and expenses incurred by the United States for the seizure, maintenance, security, forfeiture, marketing, sale and disposal the Property as authorized by 28 U.S.C. § 524(c) and/or 31 U.S.C. § 9705;

b. Second, all expenses incurred in the sale of the property, which may include commissions, transfer taxes, recording fees, title insurance, surveys, utilities and similar expenses of closing;

c. Third, any and all real property taxes and/or assessments due and owing on the Subject Real Property up to the date of entry of a Final Order of Forfeiture or the closing of the sale, whichever is earlier, plus any applicable statutory interest due as of the date of closing of the sale, as a priority lien under applicable State law;

d. Fourth, any amount necessary to redeem the Property from a tax sale;

e. Fifth, any amount due to Petitioner CrossCountry Mortgage, LLC pursuant to the Notice filed at Docket Entry #110, the terms and conditions of which are incorporated herein by reference;

f. Finally, any remaining balance shall be forfeited to the United States and disposed of according to law.

8. The Clerk of Court is hereby directed to send a certified copy of this Final Order of Forfeiture to the United States Attorney's Office for recording in the land records of the jurisdiction where the Subject Real Property is situated.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, including but not limited to the addition of assets, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 5 day of August, 2026.

J. Dever

JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE